Hogan, P. J.
(dissenting). I agree with the majority of the court that, where the alternative summons method is available for a traffic infraction, an arrest followed by a full blown search should not be permitted. However, I cannot agree that the search in the case at bar should be sustained as a lawful departure from such principle.
The arrest took place immediately after the officer learned that defendant was an unlicensed operator, an offense constituting a traffic infraction. When the arrest was made, it appears that the officer did not have reason to fear an assault or probable cause to believe that defendant had committed a crime of a misdemeanor or felony grade. At that point the officer was not yet aware that defendant had no proper identification and it is clear that the lack of identification was not discovered until a search of defendant’s person had been commenced. The majority, applying the "inevitable discovery” *16 rule (see People v Fitzpatrick, 32 NY2d 499, 506), would reverse the order suppressing the evidence because the lack of proper identification would have been uncovered even if defendant had not been initially arrested and searched. To justify the arrest and search by what was discovered during such search is impermissible and to hold otherwise would be to justify a basically illegal procedure on the basis of a successful result (People v Spinelli, 35 NY2d 77, 82; cf. People v Fitzpatrick, supra).
In view of the foregoing, it is my opinion that the order suppressing the evidence should be affirmed.
Farley and Pittoni, JJ., concur in memorandum; Hogan, P. J., dissents in separate memorandum.